Submitted November 26, 2019, affirmed January 29, petition for review denied June 4, 2020 (366 Or 552)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DENNIS RAY SWARTZ,
*Defendant-Appellant.*

### Douglas County Circuit Court
16CR38702; A167696

460 P3d 124

Defendant was convicted of one count of interfering with a peace officer (IPO), ORS 162.247. On appeal, he argues that the trial court plainly erred in finding him guilty and convicting him, because his conduct constituted "passive resistance" under ORS 162.247(3)(b), as interpreted in *State v. McNally*, 361 Or 314, 392 P3d 721 (2017), such that the evidence was legally insufficient to support the conviction. Defendant argues that the only evidence was that, when a deputy ordered him to stop, he passively continued walking and, in the deputy's words, "ignored" the order. *Held*: The trial court did not plainly err. Under the standard articulated in *McNally*, it is not obvious and reasonably in dispute that a person who continues walking after being ordered to stop may—let alone must—be engaged in "passive resistance" for purposes of ORS 162.247.

Affirmed.

Frances Elaine Burge, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Sercombe, Senior Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Defendant was convicted of one count of interfering with a peace officer (IPO), ORS 162.247. On appeal, he argues that the trial court plainly erred in finding him guilty and convicting him, because his conduct constituted "passive resistance" under ORS 162.247(3)(b), as interpreted in *State v. McNally*, 361 Or 314, 392 P3d 721 (2017), such that the evidence was legally insufficient to support the conviction.[1] We affirm.

The relevant facts are undisputed for purposes of appeal. One afternoon, a Douglas County sheriff's deputy received a report that defendant was driving with a suspended license and had failed to signal before turning into a parking lot. The deputy was nearby and arrived at the parking lot within seconds. He saw defendant walking away from the driver's side of a pickup truck and toward an alley that goes behind an "RV store." Believing that he had probable cause to stop defendant for traffic violations, the deputy activated the overhead lights on his marked patrol car and drove into the alley, following directly behind defendant. Defendant turned, saw him, and continued walking. The deputy exited his vehicle and yelled for defendant to stop. According to the deputy, defendant "ignored [his] command to stop and continued walking away from [him] towards the back door of the RV store" and into the RV store. Given defendant's "noncompliance," the deputy entered the RV store and directed defendant to come outside. Defendant argued about coming outside, until an off-duty deputy arrived and the two deputies put defendant in an escort hold and walked him outside. Defendant was subsequently charged with IPO.

As relevant here, a person commits the crime of IPO "if the person, knowing that another person is a peace officer[,] *** [r]efuses to obey a lawful order by the peace officer," ORS 162.247(1), except "in situations in which the person is engaging in *** [p]assive resistance," ORS 162.247 (3)(b). The Supreme Court recently construed the "passive resistance" exception to IPO in *McNally*.

---

[1] Separately, defendant assigns error to the trial court's imposition of a $100 misdemeanor fine. We reject that assignment of error without written discussion.

In *McNally*, the defendant refused to comply with a police officer's order to leave a bus station and verbally insisted that the officer "couldn't make him leave." 361 Or at 316-17. The defendant was charged with IPO and, at trial, asked the court to instruct the jury on "passive resistance." *Id*. at 317. The court declined to do so, and, on appeal, we affirmed, relying on a narrow construction of the term "passive resistance." *Id*. at 316. On review, the Supreme Court reversed, construing "passive resistance" to mean any "noncooperation with a lawful order of a peace officer that does not involve active conduct." *Id*. at 339. "Because there was evidence in the record that defendant engaged in inactive, nonviolent noncooperation when the police officer ordered him to leave the bus station," the trial court should have given the "passive resistance" instruction. *Id*. In distinguishing between "active" and "passive" resistance, the court noted that "a person who runs away when lawfully ordered by a peace officer to stop" would be "actively, physically, refus[ing] to obey" an order, not passively resisting. *Id*. at 335.

Defendant relies on *McNally* to argue that the evidence was insufficient to find him guilty and convict him of IPO. He argues that the only evidence was that, when the deputy ordered him to stop, defendant passively continued walking, as he was already doing, and, in the deputy's words, "ignored" the order. Defendant emphasizes that, unlike the hypothetical runner in *McNally*, he was already walking and simply continued doing so. In response, the state argues that walking is "active" and therefore cannot constitute passive resistance, regardless of whether the person starts walking before or after an officer orders him to stop.

An unpreserved claim of error is susceptible to plain-error review only if the alleged error is an error of law; is "obvious, not reasonably in dispute"; and appears on the record. *State v. Corkill*, 262 Or App 543, 551, 325 P3d 796, *rev den*, 355 Or 751 (2014). Under *McNally*, it is obvious and not reasonably in dispute that a person who fails to move when ordered to move (like the defendant in *McNally*) may be engaged in "passive resistance" within the meaning of ORS 162.247(3)(b), and, conversely, a person who runs away

after being ordered to stop (like the hypothetical runner in *McNally*) is not engaged in "passive resistance." *See McNally*, 361 Or at 335, 339. But it is *not* obvious and *is* reasonably in dispute that a person who is already walking and continues walking after being ordered to stop may be—let alone necessarily is (as defendant argues here)—engaged in "passive resistance." Any error therefore is not plain.

Affirmed.